## Oakland Cemetery Co. v. Bancroft, Appellant.

*Fixtures—Curbing stone and monument in cemetery.*

A cemetery company inclosed a burial lot by a stone curbing and erected on the lot a monument consisting of a stone foundation extending down below the frost line, and upon the foundation a marble base was placed surmounted by a marble shaft. Upon the shaft a statue was erected. The whole of the structure was cemented together, and the entire work was built for the ornamentation of the grounds. *Held*, that the curbing and monument were fixed to the realty as a part thereof, and passed with the realty to the purchaser of the cemetery at a sheriff's sale under a mortgage.

Argued March 30, 1894. Appeal, No. 294, Jan. T., 1894, by defendant, Henry B. Bancroft, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1892, No. 641, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Sheriff's interpleader to determine ownership of property taken in execution. Before REED, J.

At the trial it appeared that Addison Bancroft purchased a tract of land near Frankford, Philadelphia, and on Oct. 11, 1879, mortgaged the same to James M. Willcox for $16,666.67. He then caused a cemetery company to be incorporated under the name of the Mount Auburn Cemetery Company, and conveyed

the land to the corporation, subject to the mortgage.   In 1890 Mr. Willcox brought suit on his mortgage, C. P. No. 1, Dec. T., 1890, No. 70 ; recovered judgment for $17,947,23 (including interest in arrear), and sold the cemetery.   It was bid in by Rushworth and Foulds, in the interest of the lot owners, and was by them conveyed to a new corporation which they formed —the present claimants, the Oakland Cemetery Company.

Henry B. Bancroft obtained a judgment against the Mount Auburn Cemetery Company, upon which a fieri facias was issued and a levy made upon certain copings, base, marble figure or statue, as the property of said company.   Claim was made to this property by the Oakland Cemetery Company—a feigned issue framed, wherein the Oakland Cemetery Company was plaintiff, and Henry B. Bancroft defendant.

The property levied upon is described in the opinion of the Supreme Court.

Binding instruction for plaintiff.   Verdict and judgment accordingly.

*Error assigned* was above instruction, quoting it.

*James R. Grier, Jay R. Grier* with him, for appellant, cited : Seeger v. Pettit, 77 Pa. 437 ; Voorhis v. Freeman, 2 W. & S. 176 ; Pyle v. Pennock, 2 W. & S. 390 ; Meig's Ap., 62 Pa. 28 ; Tillman v. Delacy, 80 Ala. 103 ; Wolford v. Baxter, 33 Minn. 12 ; Campbell v. O'Neill, 64 Pa. 290.

*J. Howard Gendell, Robert T. Corson* with him, for appellee, cited : Roberts v. Bank, 19 Pa. 71 ; Buck's Ap., 2 Penny. 327 ; Morris's Ap., 88 Pa. 368 ; Elwes v. Mawe, 2 Sm. L. Cas. 248 ; Christian v. Dripps, 26 Pa. 271 ; Wilson v. Steel's Exrs., 7 W. N. 33 ; 2 Kent's Com. 342 ; D'Eyncourt v. Gregory, L. R. 3 Eq. Cas. 382 ; Snedeker v. Warring, 2 Kernan, 170.

PER CURIAM, April 16, 1894 :

We think it too plain for argument that the articles levied upon in execution in this case as personal property are fixed in the realty and are a part thereof, and can in no sense be regarded as personal property.   While the Mount Auburn Company was the owner of the cemetery, a burial lot was inclosed

by a stone curbing and a monument was erected on the ground, consisting of a stone foundation extending down below the frost line, and upon this foundation a marble base was placed surmounted by a marble shaft, and upon the shaft the statue in question was erected. The whole of the structure was cemented together and constituted a solid mass. The entire work, including the curbing, was built by the cemetery company for the ornamentation of the grounds and manifestly was intended to be a permanent part of the cemetery property. In no sense can it be regarded as a trade fixture. As this subject was the controlling feature of the contest its determination ends the case.

Judgment affirmed.